# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**ANGELIC HINES**                                    **Civil Action No**. 6:26-cv-515

Plaintiff

v.

**SAFESOURCE DIRECT LLC**

Defendant

# COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

## I. INTRODUCTION

1.

This is an action for legal and equitable relief arising from Defendant's unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

2.

Defendant discriminated against Plaintiff on the basis of race (Black), subjected Plaintiff to a hostile work environment, denied Plaintiff promotions and equal pay, and retaliated against Plaintiff after Plaintiff opposed race discrimination.

## II. JURISDICTION AND VENUE

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4.

This Court also has jurisdiction over Plaintiff's § 1981 claims pursuant to 28 U.S.C. § 1343.

5.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in this District in Broussard, Louisiana and Defendant conducts business in this District.

6.

Plaintiff exhausted all administrative prerequisites to suit by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission and receiving a Notice of Right to Sue.

### III. PARTIES

7.

Plaintiff Angelic Hines is a Black adult resident of Franklin, Louisiana.

8.

Defendant SafeSource Direct LLC is an employer within the meaning of Title VII, employing fifteen (15) or more employees, and may be served through its registered agent.

### IV. FACTUAL ALLEGATIONS

9.

Plaintiff began employment with Defendant in February 2022.

10.

In October 2022, Plaintiff began working as a Shipping and Receiving Coordinator under Patti Olds.

11.

Plaintiff received very limited formal training and learned her duties primarily through self-instruction and prior experience.

12.

Despite minimal training, Plaintiff consistently performed her job at a high level.

13.

Within months of Plaintiff's hire, Ms. Olds praised Plaintiff's work ethic and promised Plaintiff a promotion to Warehouse Supervisor.

14.

In August 2023, Plaintiff had a single call/no-show. Ms. Olds contacted Plaintiff and asked Plaintiff to return to work, which Plaintiff agreed to do.

15.

During that conversation, Plaintiff disclosed that she had previously been in a consensual dating relationship with Troy Alexander, the Warehouse Manager, and that the relationship had ended.

16.

Plaintiff explained that Mr. Alexander began treating her differently after the relationship ended.

17.

The prior relationship never affected Plaintiff's job performance.

18.

Mr. Alexander was later transferred to another plant.

19.

Despite never receiving the Warehouse Supervisor title, Plaintiff was required to actively perform supervisory duties in the warehouse.

20.

In April 2024, Ms. Olds encouraged Plaintiff to apply for an Expeditor. Ms. Olds assured Plaintiff that experience was not required, that Plaintiff was intelligent, and that Plaintiff would be supported by senior employees. Ms. Olds also told Plaintiff that Defendant would not be hiring a Warehouse Supervisor any time soon and acknowledged Plaintiff's need for a pay increase to purchase a home.

21.

Plaintiff accepted the Expeditor role effective April 1, 2024.

22.

Shortly thereafter, Defendant began interviewing candidates for the Warehouse Supervisor position, contrary to representations made to Plaintiff.

23.

Three Caucasian employees were interviewed and/or considered for the Warehouse Supervisor position, Todd Leblanc, Troy Tauzin, and Angelina Dorsey.

24.

Plaintiff applied for the Warehouse Supervisor position but was never interviewed or considered.

25.

Plaintiff was later told that the company decided to hire someone from outside the company.

26.

During this same period, Plaintiff continued to be required to perform Warehouse Supervisor duties without the title or corresponding pay.

27.

On October 4, 2024, Ms. Olds summoned Plaintiff to her office and confronted Plaintiff with a rumor that Plaintiff and Mr. Alexander were dating again. She was told she could be terminated unless she told "the truth." Plaintiff truthfully denied being in a relationship.

28.

Defendant's no-fraternization policy was not consistently enforced against other employees. Defendant had no fraternization policy, and multiple workplace relationships-both known and unknown-existed without discipline.

29.

In November 2024, Jake Boyer was hired as Warehouse Supervisor.

30.

Plaintiff continued to assist with supervisory duties after Mr. Boyer's hire.

31.

On February 13, 2025, Ms. Olds directed Plaintiff to train Mr. Boyer on the R4 system and to review and revise SOPs and work procedures-tasks belonging to Warehouse Supervisor and Warehouse Manager roles.

32.

On February 24, 2025, Ms. Olds began restricting Plaintiff's lunch schedule to specific times.

33.

Plaintiff's white coworkers, David Perez and Kevin Marceaux, were allowed to come and go freely, work from home, leave early, and miss work without discipline. Plaintiff's attendance was micromanaged in a manner that theirs was not. White employees were allowed greater flexibility, including remote work and excused absences.

34.

On March 12, 2025, Plaintiff complained to management that she believed she had been denied promotion because she is Black and reported systemic discrimination affecting Black warehouse employees.

35.

Plaintiff's complaint constituted protected activity under Title VII and § 1981.

36.

After engaging in protected activity, Plaintiff was subjected to increased scrutiny, discipline, denial of PTO, threats related to layoffs, and continued denial of promotion.

37.

White employees hired or promoted into similar roles were paid more for comparable duties.

38.

Plaintiff was disciplined for minor issues while white employees engaged in similar conduct without consequence.

39.

Defendant's conduct was intentional and motivated by race.

## V. CAUSES OF ACTION

### COUNT I – RACE DISCRIMINATION (TITLE VII)

40.

Plaintiff is a member of a protected class.

41.

Plaintiff was qualified for promotion and performed supervisory and managerial duties.

42.

Defendant treated Plaintiff less favorably than similarly situated white employees with respect to promotions, compensation, discipline, and work conditions.

43.

Defendant's actions constitute race discrimination in violation of Title VII.

## COUNT II – FAILURE TO PROMOTE (TITLE VII)

44.

Plaintiff was qualified for the Warehouse Supervisor position.

45.

Defendant denied Plaintiff promotion and selected or favored less-qualified white candidates.

46.

Defendant's stated reasons were pretextual.

47.

Defendant's actions were motivated by race.

## COUNT III – UNEQUAL PAY (TITLE VII)

48.

Plaintiff performed supervisory and managerial duties substantially equal to those performed by white employees.

49.

White employees were compensated at higher rates for similar or lesser responsibilities.

50.

Defendant's pay practices resulted in unequal pay because of Plaintiff's race.

## COUNT IV – HOSTILE WORK ENVIRONMENT (TITLE VII)

51.

Plaintiff was subjected to unwelcome conduct based on race.

52.

The conduct included denial of advancement, unequal discipline, micromanagement, threats of termination, and disparate enforcement of policies.

53.

The conduct was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

54.

Defendant failed to take prompt remedial action.

## COUNT V – RETALIATION (TITLE VII)

55.

Plaintiff engaged in protected activity when she complained of race discrimination.

56.

Defendant subjected Plaintiff to materially adverse actions after her complaint.

57.

There is a causal connection between Plaintiff's protected activity and Defendant's retaliatory conduct.

58.

Defendant violated 42 U.S.C. § 2000e-3.

## COUNT VI – RACE DISCRIMINATION AND RETALIATION (42 U.S.C. § 1981)

59.

Plaintiff is a Black individual protected by § 1981.

60.

Plaintiff had an employment relationship with Defendant constituting a contractual relationship.

61.

Defendant intentionally discriminated against Plaintiff on the basis of race in the making and enforcement of her employment contract.

62.

Defendant retaliated against Plaintiff for opposing race discrimination.

63.

Defendant's conduct was intentional, willful, and taken with discriminatory and retaliatory animus.

## VI. DAMAGES

64.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic damages, including lost wages, lost promotional opportunities, diminished earning capacity, and emotional distress.

65.

Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's federally protected rights.

66.

Plaintiff is entitled to compensatory damages, punitive damages, equitable relief, back pay, front pay, prejudgment interest, attorneys' fees, and costs.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor;

B. Award back pay, front pay, and lost benefits;

C. Award compensatory and punitive damages;

D. Award attorneys' fees and costs;

E. Grant injunctive and equitable relief; and

F. Grant all other just and proper relief.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Natalie Blackman*
Natalie Blackman (Bar No. 35662)
The Law Office of Attorney Natalie Blackman
8550 United Plaza Blvd., Suite 702
Baton Rouge, Louisiana 70809
Phone: (318) 639-4529

Email: justice@attorneynatalieblackman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February 2026, a copy of the foregoing Plaintiff's

Memorandum in Opposition to Defendant's Motion for Summary Judgment, together with all

attachments and exhibits, was served upon all counsel of record by electronic filing through the

Court's CM/ECF system, which provides notice of filing to all registered counsel.